Jonathan A. Dessaules, State Bar No. 019439
Jesse Vassallo López, State Bar No. 033961
**DESSAULES LAW GROUP**
5343 North 16th Street, Suite 200
Phoenix, Arizona 85016
Tel. 602.274.5400
Fax 602.274.5401
jdessaules@dessauleslaw.com
jvassallo@dessauleslaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| George D. Wolchko, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Tru Top Offer, LLC, an Arizona limited liability company; and Corey Geary, an individual,<br><br>Defendants. | No.<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff George D. Wolchko, individually and on behalf of those similarly situated, alleges the following:

**PARTIES AND JURISDICTION**

1. Plaintiff is a citizen of Arizona.

2. Defendant Tru Top Offer, LLC, is an Arizona limited liability company with its principal place of business at 951 N. Beck Court, Chandler, Arizona 85226.

3. Upon information and belief, Defendant Corey Geary is an Arizona citizen and the managing member of Defendant Tru Top. Defendant Geary, the "founder and driving force behind Tru Top Offer," and at all times relevant hereto authorized, condoned, oversaw and directed the unlawful telemarketing actions taken by Defendant Tru Top alleged in this complaint.

4. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleges violations of a federal statute.

5. Venue is proper under 28 U.S.C. § 1391 because Defendants are present in, caused events to occur or committed actions within this judicial district.

## GENERAL ALLEGATIONS

6. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, makes it unlawful to engage in unsolicited telemarketing using an automated telephone dialing system or artificial or prerecorded messages without the recipients' prior express written consent.

7. The Federal Trade Commission ("FTC") is empowered to issue rules and regulations implementing the TCPA.

8. The FTC has issued rulings and clarified that to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided to the individual. *See* 2012 FTC Order, 27 FTC Rcd. At 1839 ("Requiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer – providing permission in writing – to authorize autodialed or prerecorded telemarketing calls….").

9. The courts and the FTC have issued rulings and clarified that consumers are entitled to the same content-based protections for "ringless" voicemails as they are for calls to wireless numbers. *See Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1248 (S.D. FL. 2019); *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 734 (N.D. Ill. 2014) (defendant bears the burden of showing that it obtained Plaintiff's prior express consent before contacting the individual).

10. Since at least 2018, Defendants have engaged in a practice of leaving repeated, unsolicited, prerecorded messages on the cellular telephone voicemails of individuals who own property in Arizona.

11. Defendants' telemarketing calls are not initiated or monitored by a live person.

12. Upon information and belief, Defendants employ automated "ringless" technology designed to prevent a recipient from being able to answer a call to avoid discovery that the calls

were automated and unmanned. This technology causes recipients' phones to ring at most once, or not at all, and then go straight to voicemail and then a message is left that is intended to give the impression that it was a real call initiated by an actual person and not an automated call with a prerecorded message.

13. The voicemail message since at least 2018 was similar or identical to the following:

> Hi! How's it going? This is Lisa, I am not sure if I have the right number, to be honest, but I came across your property and thought I would reach out to you. I just wanted to see if you'd be interested in a cash offer for your home. I am a local investor here in the area and I usually buy around five to ten homes every few months. If you're interested, please give me a call back my phone number is 602-833-5317. Thank you so much. Bye, bye.

14. Upon information and belief, "Lisa" does not exist or is not otherwise employed by Defendants.

15. The purpose of these automated calls and prerecorded voicemail messages was to solicit business.

16. Notably, when dialing the number "Lisa" leaves on the voicemails, Defendant acknowledges the calls are subject to the TCPA and provides an option to be added to the "Do Not Call List."

17. On or about June 2018, Plaintiff started receiving on his cellular telephone the above-described unsolicited calls from Defendants with the same prerecorded message alleged above. Plaintiff received numerous of these calls on his cellular telephone and "ringless" voicemails per month with the same prerecorded message from "Lisa."

18. At no point did Plaintiff provide Defendants with his express written consent to be contacted using an Automated Telephone Dialing System ("ATDS") with an artificial or prerecorded message.

19. On November 8, 2018, and in direct response to Defendants' numerous calls and "ringless" voicemails, Plaintiff registered his cellular telephone in the Federal Communications Commission's "Do Not Call" register. However, this did not stop the frequent unwanted calls and

3

prerecorded messages left on Plaintiff's voicemail and, in or about December 2018, Plaintiff received yet another unsolicited voicemail from "Lisa."

20.     Plaintiff called the number that "Lisa" left in the voicemail message and was eventually routed to Defendant Geary. Defendant Geary in this call acknowledged responsibility for the voicemails from "Lisa" and that the calls were solicitations by Defendants to purchase Plaintiff's property. Plaintiff informed Defendant Geary that his number was on the "Do Not Call" register, requested to be removed from the ATDS registry, and asked not to be called again.

21.     Despite speaking with Defendant Geary in December 2018, Plaintiff continued to receive multiple calls and voicemails from "Lisa" in 2019 and 2020.

22.     Defendants' unsolicited prerecorded message caused Plaintiff actual harm, including, but not limited to invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendants' prerecorded message also inconvenienced Plaintiff and caused disruption to his daily life.

## ALLEGATIONS COMMON TO ALL CLASS MEMBERS

23.     Plaintiff brings this action on behalf of himself and others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons within the United States who received an unsolicited call or voicemail from Defendants or someone acting on Defendants' behalf or direction using an artificial or prerecorded voice without emergency purpose and without the recipient's prior express written consent within the four years preceding the filing of this Complaint.

24.     Upon information and belief, Defendants have left hundreds of prerecorded messages on recipients' voicemails. The members of the class, therefore, are believed to be so numerous that joinder of all members is impracticable.

25.     The exact number and identities of the class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter of capable of ministerial determination from Defendants' call records.

26. There are numerous questions of law and fact common to the class which predominate over any questions affecting only individual members of the class. These common questions include (a) whether Defendants utilize an automated telephone dialing system and leave artificial or prerecorded messages without the recipients' prior express written consent for telemarketing purposes; (b) whether Defendants authorized, directed, or condoned the calls to the extent initiated by a third party; (c) whether such conduct, if proven, constitutes a violation of the ATDS; (d) whether Defendants' conduct was knowing or willful; and (e) the statutory damages to be awarded for violations of the TCPA.

27. Plaintiff shares the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the class members. Plaintiff's claims are, therefore, typical of the class members' claims, and Plaintiff will fairly and adequately protect the absent class members' claims and serve as a class representative.

28. Plaintiff is prepared to serve as the named class representatives for the class. Plaintiff has also retained competent counsel that will diligently pursue this action on behalf of the absent class members.

29. A class action is superior to all available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the class are in the hundreds of thousand dollars, the individual damages incurred by each member of the class resulting from Defendants' wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual class members prosecuting their own separate claims is remote, and, even if every member of the class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

30. The prosecution of separate actions by members of the class would create a risk of establishing inconsistent rulings or incompatible standards of conduct for Defendants.

Additionally, individual actions may be dispositive of the interest of the class, although certain class members are not parties to such actions.

31. Class certification is appropriate under Fed. R. Civ. P. 23(b).

**COUNT ONE**
**VIOLATION OF 47 U.S.C. §227**

32. Plaintiff incorporates all of the above allegations as if set forth fully herein.

33. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express written consent of the called party) using any automated telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

34. Defendants – or third parties directed by Defendants and acting at their direction and on their behalf – transmitted calls using an artificial or prerecorded voice to the cellular telephone number of Plaintiff and members of the class.

35. These calls were made without regard to whether Plaintiff provided express written consent for Defendants to make such calls. Defendants never obtain express written consent from Plaintiff or other members of the class. In fact, Plaintiff expressly requested not to be contacted again by Defendants but continued to receive the unsolicited telemarketing calls from Defendants.

36. Defendants actions violate § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to Plaintiff's and other class members' cell phone without their prior express written consent.

37. Plaintiff and other members of the class were harmed and are entitled to a minimum of $500.00 for each violation of the TCPA and an injunction under 47 U.S.C. § 227(b)(3)(C).

38. Defendants knew that it did not have recipients' prior express written consent and employed technology specifically to avoid detection by the recipients that its calls were automated, and its messages prerecorded. These acts, among others to be identified during discovery, demonstrate that Defendants' actions were willful or knowing violations of the TCPA

and, as such, the Court should impose increased statutory damages pursuant to 47 U.S.C. § 227(b)(3) ("If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph").

39. Defendants' calls and "ringless" voicemails caused Plaintiff and members of the class actual harm including, but not limited to invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendants' prerecorded message also inconvenienced Plaintiff and other members of the class and caused disruption in their daily lives.

40. Accordingly, Plaintiff and other members of the class should be awarded $1,500.00 each in statutory damages for each violation of the TCPA.

WHEREFORE, Plaintiff on behalf of himself and other members of the class pray for relief against Defendants as follows:

(A) Awarding Plaintiff statutory damages in an amount to be determined by the court;

(B) Awarding an injunction enjoining Defendants from further violations of the TCPA; and

(C) Awarding such other and further relief as the Court deems just and proper.

DATED this 31st day of December 2020.

DESSAULES LAW GROUP

By: /s/ Jonathan A. Dessaules
Jonathan A. Dessaules
Jesse Vassallo López
*Attorneys for Plaintiff*