**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George D Wolchko, | No. CV-20-02506-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Tru Top Offer LLC, et al., | |
| Defendants. | |

Before the Court is Defendants' motion to set aside entry of default under Rule 55(c) and relief from order granting class certification under Rule 60(b), which is fully briefed. (Docs. 13, 15, 16.)  The Court will grant the motion for the following reasons.

On December 31, 2020, Plaintiff filed his complaint, which brings a claim stemming from Defendants' alleged violations of the Telephone Consumer Protection Act ("TCPA"). (Doc. 1.)  Defendants, who were properly served, were required to file answers no later than January 27, 2021 and February 2, 2021.  Even though Defendants were in communication with Plaintiff and were aware of the deadline, neither defendant sought an extension from the Court or filed a responsive pleading.  On February 3, 2021, Plaintiff filed an application for entry of default, and the clerk entered default against Defendants the following day. (Docs. 10, 11.)  On February 11, 2021, Plaintiff filed a motion for class certification, which the Court granted by default on February 16, 2021. (Docs. 11, 12.)  On February 19, 2021, Defendants filed the instant motion to set aside the entry of default and

for relief from the class certification order.

The Court has broad discretion to set aside a clerk's entry of default for cause. *Brady v. United States*, 211 F.3d 499, 503 (9th Cir. 2000). Generally, default judgments are strongly disfavored and, when possible, cases should be decided on their merits. *Meadows v. Dominica Republic*, 817 F.2d 517, 521 (9th Cir. 1987). While assessing whether to set aside the entry of an order of default, the Court considers 1) whether the default was willful; 2) whether the defaulting party acted promptly to set aside the default; 3) whether the opposing party would be prejudiced by setting aside the default; and 4) whether the moving party presents a meritorious defense. *Speidel v. Bryan*, 164 F.R.D. 241, 243 (D. Or. 1996).

The Court will address each factor, in turn. First, although Defendants were careless in failing to file a responsive pleading or otherwise seek a deadline extension from the Court, the default was not willful.[1] Second, even though Defendants do not serve as a model of punctuality, their delay was not egregious.[2] Third, Plaintiff will not be prejudiced by the setting aside of the default.[3] Fourth, looking to the brief arguments presented by

---

[1] Defendants seek to excuse their failure to file a responsive pleading by explaining that they had been in the conferral process with Plaintiff, and during communications, Plaintiff—rather than replying-all to an email—replied on January 27, 2021 to a single attorney, Brittany Burbank, who was out of office, leaving communications at a standstill. Crediting Defendants' explanation, Defendants were nevertheless obligated to file a responsive pleading that explained the breakdown of the conferral process in the certificate of conferral or to otherwise seek an extension with the Court. Defendants could not sit on their hands for weeks because Plaintiff directly replied, rather than replied-all, to an email. However, Plaintiff is not blameless for the current circumstances. The parties were in regular communication about the case shortly before Plaintiff filed the default application. Even though Plaintiff had reason to believe that Defendants were not simply ignoring the case, it does not appear that Plaintiff attempted to reach out to Defendants regarding his intent to move for default before filing his application. The entry of default and the need for the instant briefing could have been prevented by a simple email or phone call.

[2] Defendants' delay in moving to set aside the default is peculiar, because Defendants acknowledge they were timely served with the application for default and Plaintiff's motion for class certification. Despite being aware of these mailings and communicating such awareness to Plaintiff, Defendants delayed for two weeks before moving to set aside the default. Defendants neglected to so much as file a notice with the Court to inform it of the situation, leaving the Court to expend needless hours considering the appropriateness of the motion for certification in default.

[3] Even though Plaintiff has invested resources in litigating this case in Defendants' absence—filing an application for entry of default and proceeding with his motion for certification—the case has been pending for mere months. Plaintiff likely expended negligible time filing the application for entry of default and can easily rehash the arguments made in his initial motion for class certification without billing substantially

Defendants, the Court cannot conclude at this juncture that Defendants lack a meritorious defense.  Balancing these factors, the Court concludes that cause exists to set aside the Clerk's entry of default.  In addition, because the February 16, 2021 order granting class certification was entered in default, the Court will vacate that order to provide the parties the opportunity to fully brief the issue, which will enable the Court to conduct the rigorous analysis that Fed. R. Civ. P.  23 demands.

**IT IS ORDERED** that Defendants' motion to set aside entry of default and relief from order granting class certification (Doc. 13) is **GRANTED.**  The Clerk's February 4, 2021 entry of default (Doc. 10) and the Court's February 16, 2021 order (Doc. 12) are hereby **VACATED.**

**IT IS FURTHER ORDERED** that Defendants shall have until March 26, 2021, to answer or otherwise respond to Plaintiff's complaint.

Dated this 19th day of March, 2021.

_____
Douglas L. Rayes
United States District Judge

---

more hours.  Moreover, Plaintiff has been in communication with Defendants throughout the litigation, and Defendants' motion should come as no surprise.